

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 7944 | **DATE** | 1/21/2004 |
| **CASE TITLE** | BOBBY G. ROSE vs. J. DENNIS HASTERT, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: defendants' Rule 12(b)(1) motion to dismiss is granted and this case is dismissed without prejudice for lack of subject matter jurisdiction. Defendants' Rule 12(b)(6) motion to dismiss is dismissed as moot. This is a final and appealable order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | JAN 22 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | q |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| TBK | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

BOBBY G. ROSE,

    Plaintiff,

v.

J. DENNIS HASTERT, et al.,

    Defendants.

No. 03 C 7944
Paul E. Plunkett, Senior Judge

## MEMORANDUM OPINION AND ORDER

Bobby G. Rose has filed a pro se complaint against United States Representative J. Dennis Hastert and his staff seeking to have them take various actions on public policy issues. Defendants have filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the reasons set forth below, the 12(b)(1) motion is granted and the Rule 12(b)(6) motion is dismissed as moot.

### Discussion

Defendants contend that the Court lacks subject matter jurisdiction over plaintiff's complaint for a variety of reasons. In deciding a Rule 12(b)(1) motion to dismiss like this one, which does not attack the factual basis for the Court's jurisdiction, we accept as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. United Phosphorus, Ltd. v. Angus Chem. Co., 322 F.3d 942, 946 (7th Cir. 2002), cert. denied, 124 S. Ct. 533 (2003). The burden of proving that jurisdiction exists, however, rests with the plaintiff. Id.

Defendants' first argument is that plaintiff's claims, which seek to force them to implement various public policies, are barred by the political question doctrine. The Court agrees. The political question doctrine "precludes as nonjusticiable consideration of cases in which there exists a textually demonstrable constitutional commitment of the issue to a coordinate political department." United States v. Funmaker, 10 F.3d 1327, 1332 (7th Cir. 1993) (internal quotation marks and citation omitted). The United States Constitution explicitly vests policy-making authority in Congress, not the judiciary. U.S. CONST., art. I, § 1 ("All legislative Powers . . . shall be vested in a Congress of the United States, which shall consist of a Senate and House of Representatives."). Because plaintiff is, in essence, asking the Court to direct Congress to enact certain policies, his claims are barred by the political question doctrine.

They are also barred by the separation of powers doctrine. That doctrine refers to the "basic principle of our constitutional scheme that one branch of the Government may not intrude upon the central prerogatives of another." Loving v. United States, 517 U.S. 748, 757 (1996). Enacting laws is the central prerogative of Congress. U.S. CONST., art. I, § 1. Ordering defendants to take, or refrain from taking, certain legislative action would be an impermissible intrusion on that prerogative.

The Speech and Debate Clause, which says that Members of Congress "shall not be questioned in any other Place" for "any Speech or Debate in either House," id., art. I, § 6, also bars us from entertaining plaintiff's claims. According to the Supreme Court, the Speech and Debate Clause bars civil suits against federal legislators and their aides that arise from "the sphere of legitimate legislative activity." Eastland v. United States Servicemen's Fund, 421 U.S. 491, 503, 506 (1975). Activities included in that sphere are those that are:

> an integral part of the deliberative and communicative processes by which Members participate in committee and House proceedings with respect to the consideration and passage or rejection of proposed legislation or with respect to other matters which the Constitution places within the jurisdiction of either House.

Id. at 504 (internal quotation marks and citation omitted). The actions on which this lawsuit is based, defendants' alleged failure to implement various public policies, fall within the sphere of legitimate legislative activity. As a result, the Speech and Debate Clause immunizes defendants from plaintiffs' claims.

Even if plaintiff's claims were not barred by the doctrines discussed above, he would lack standing to pursue them. Standing has three elements: (1) an injury to a legally protected interest; (2) that can be traced to the defendants; and (3) is likely to be redressed by a decision in plaintiff's favor. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). None of those elements is present in this case.

Plaintiff claims to have been injured by defendants' failure to implement various public policies. But plaintiff has no right to control any legislator's policy decisions. Minnesota State Bd. for Comty. Coll. v. Knight, 465 U.S. 271, 285 (1984) ("Nothing in the First Amendment or in this Court's case law interpreting it suggests that the rights to speak, associate, and petition require government policymakers to listen or respond to individuals' communications on public issues."). Accordingly, he has not suffered an injury to a legally protected interest. Moreover, even if he had, that injury could not be traced to these defendants or redressed by this lawsuit. Congress enacts laws as a body. Thus, a single Representative and his staff cannot be blamed for any injury that flows from the collective body's failure to implement a given policy. Similarly, ordering a single Representative and his staff to work towards plaintiff's legislative goals, would not ensure that the

legislation he seeks would be enacted by the whole Congress. In short, because plaintiff has no legally cognizable injury that is traceable to these defendants and can be redressed by this suit, the Court would not have jurisdiction to entertain plaintiff's claims even if they were otherwise justiciable.

### Conclusion

For the reasons stated above, defendants' Rule 12(b)(1) motion to dismiss is granted and this case is dismissed without prejudice for lack of subject matter jurisdiction. Defendants' Rule 12(b)(6) motion to dismiss is dismissed as moot. This is a final and appealable order.

**ENTER:**

UNITED STATES DISTRICT JUDGE

DATED: 1-21-04